[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2010
JOHN LEY
CLERK

No. 07-13827

D. C. Docket No. 04-61243-CV-AJ

MICHAEL PENZER,
as assignee of Southeast Wireless, Inc.,

                              Plaintiff-Counter-Defendant-Appellant,

versus

TRANSPORTATION INSURANCE COMPANY,
a wholly owned subsidiary of CNA, a foreign corporation,

          Defendant-Counter-Claimant-Third-Party-Plaintiff-Appellee,

versus

SOUTHEAST WIRELESS, INC.,
NEXTEL SOUTH CORP.,

                              Third-Party-Defendants.

Appeal from the United States District Court
for the Southern District of Florida

(May 11, 2010)

Before TJOFLAT and BLACK, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

Appellee Transportation Insurance Company ("Transportation") issued to Southeast Wireless, Inc. ("Southeast") a commercial liability insurance policy that included coverage for "advertising injury." The provision covered "injury arising out of . . . [o]ral or written publication of material that violates a person's right of privacy." (R.E. 62.) Penzer and Southeast entered into a class action settlement of claims that Southeast violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based on unsolicited facsimile transmissions it sent to Penzer and others.[1] Southeast assigned Penzer its right to recover from Transportation under the insurance policy. Penzer subsequently filed a complaint against Transportation, seeking a declaratory judgment as to Transportation's duty to defend and indemnify Southeast under the policy. Penzer alleged that the claims against Southeast were covered by the policy because the transmission of an unsolicited facsimile advertisement constituted the publication of written material.

---

[*] Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

[1] The TCPA makes it "unlawful for any person . . . to use any telephone facsimile machine . . . to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C).

Transportation argued that Southeast was not covered under the provision, or in the alternative, that coverage was not required due to several policy exclusions. Penzer and Transportation filed cross-motions for partial summary judgment on the coverage issue.

The district court granted summary judgment in favor of Transportation. Penzer v. Transp. Ins. Co., 509 F. Supp. 2d 1278 (S.D. Fla. 2007). The district court found that "advertising injury" coverage as defined in the policy "exists only when the content of the material published violates a person's right to privacy." Id. at 1286. Thus, it held unwanted intrusions, such as violations of the TCPA, are not covered advertising injuries. Id. at 1288.

On appeal, this Court held "[n]either the policy exclusions nor Florida public policy lead to denial of coverage" and that "an unsettled issue of Florida law as to insurance policy coverage controls the disposition of this case." Penzer v. Transp. Ins. Co., 545 F.3d 1303, 1311 (11th Cir. 2008). Accordingly, this Court certified the following question to the Supreme Court of Florida for determination under Florida law:

> DOES A COMMERCIAL LIABILITY POLICY WHICH
> PROVIDES COVERAGE FOR "ADVERTISING INJURY,"
> DEFINED AS "INJURY ARISING OUT OF . . . ORAL OR
> WRITTEN PUBLICATION OF MATERIAL THAT VIOLATES A
> PERSON'S RIGHT OF PRIVACY," SUCH AS THE POLICY

3

DESCRIBED HERE, PROVIDE COVERAGE FOR DAMAGES FOR VIOLATION OF A LAW PROHIBITING USING ANY TELEPHONE FACSIMILE MACHINE TO SEND UNSOLICITED ADVERTISEMENT TO A TELEPHONE FACSIMILE MACHINE WHEN NO PRIVATE INFORMATION IS REVEALED IN THE FACSIMILE?

Id. at 1312. The Florida Supreme Court answered the certified question in the affirmative and held that "under Florida law, the language of this insurance provision provides coverage for infringements of the TCPA." Penzer v. Transp. Ins. Co., Fla. 2010, __ So. 3d __ (No. SC08–2068, Jan. 28, 2010).

Because the Florida Supreme Court has now answered the certified question in the affirmative, we REVERSE the district court's summary judgment for Transportation. Accordingly, we REMAND for the district court to grant partial summary judgment for Penzer regarding the coverage issue and to consider the following motions it denied as moot: (1) cross-motions for summary judgment as to the issue of damages; (2) Transportation's motion to strike the declaration of Alan Burger from Penzel's motion for partial summary judgment as to the issue of damages; and (3) Southeast's motion for summary judgment on Transportation's third party complaint.